Carla ARCE; Joana Arce; Odelia Arce; Robert Arce, Plaintiffs—Appellees,

v.

Michael BLACKWELL; Leonard Cardinale; Michael Carmody; City of North Las Vegas; Joseph Forti; Mark Hoyt; North Las Vegas Police Department; Brian Sachs; Shayne Skipworth, Defendants—Appellants,

Mark Suranowitz, Defendant—Appellant,

and

State of Nevada, Defendant,

Joey Tillmon, Defendant.

No. 06–17302.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2008.

Filed Sept. 19, 2008.

Cal J. Potter, III, Esquire, Potter Law Offices, Las Vegas, NV, for Plaintiffs–Appellees.

Robert W. Freeman, Jr., Esquire, Law Offices of Robert W. Freeman, Ltd., Henderson, NV, for Defendant–Appellant.

Before: SILER *, McKEOWN and CALLAHAN, Circuit Judges.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

MEMORANDUM **

Officers of the North Las Vegas Police Department brought an interlocutory appeal from the district court's denial of their motion for summary judgment in a wrongful death civil rights action brought by Joana Arce under 42 U.S.C. § 1983. Arce alleged that the police officers' use of excessive force deprived her deceased husband Roberto of his rights under the Fourth and Fourteenth Amendments and caused his death by restraint or positional asphyxiation. We review *de novo* the district court's decision to deny the officers qualified immunity, *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 945 (9th Cir.2003), and we affirm.

We agree with the district court that there are genuine issues of material fact making summary judgment inappropriate. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–160, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (moving party has the burden of showing the absence of a genuine issue as to any material fact, and all evidence must be viewed in the light most favorable to the opposing party); *see also Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.2005) (en banc) (because the excessive force inquiry "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom," summary judgment "should be granted sparingly") (quoting *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir.2002)).

The police officers argue that the district court failed to undertake the appropriate analysis under *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Although the district court's discussion of *Saucier* was brief, it nonetheless properly analyzed the record under

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Saucier's* two-part test for qualified immunity.

*Saucier* instructs that we must first determine whether, "[t]aken in the light most favorable to the party asserting the injury ... the facts alleged show [that] the officer's conduct violated a constitutional right." *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151. To determine whether the force used by the officers was excessive under the Fourth Amendment, we must assess whether it was objectively reasonable "in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "We first assess the quantum of force used to arrest [the plaintiff]" and then "measure the governmental interests at stake by evaluating a range of factors." *Deorle v. Rutherford,* 272 F.3d 1272, 1279–80 (9th Cir.2001); *see also Graham,* 490 U.S. at 394, 109 S.Ct. 1865 (discussing factors).

Construing the evidence in the light most favorable to the plaintiffs, we conclude that, under this standard, the evidence supports a finding of a constitutional violation. *See Drummond v. City of Anaheim,* 343 F.3d 1052, 1056–57 (9th Cir. 2003) (finding a constitutional violation in similar circumstances and noting other cases of "compression asphyxia," where "prone and handcuffed individuals in an agitated state have suffocated under the weight of restraining officers") (citing cases).

■ If a violation is found, the next sequential step is to ask "whether the right was clearly established ... in light of the specific context of the case" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Headwaters Forest Defense v. County of Humboldt,* 276 F.3d 1125, 1129 (9th Cir.2002) (quoting *Saucier,*

533 U.S. at 202, 121 S.Ct. 2151). In assessing the reasonableness of an officer's conduct where there is no case law directly on point, "the salient question that the Court of Appeals ought to ... ask[ ] is whether the state of the law [at the time of the alleged wrong] gave [the defendants] fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Hope v. Pelzer,* 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (rejecting requirements that previous cases be either "fundamentally similar," or have "materially similar" facts).

We have had similar cases in the past that would have put reasonable police officers on notice that their response to Arce—keeping an individual who is in a state of excited delirium restrained with his chest to the ground while applying pressure to his back and ignoring pleas that he cannot breathe—constituted excessive force under the Fourth Amendment. *See Drummond,* 343 F.3d at 1056–57. *Drummond* articulated the parameters of reasonableness that the officers' conduct breached: "The officers allegedly crushed Drummond against the ground by pressing their weight on his neck and torso, and continuing to do so despite his repeated cries for air, and despite the fact that his hands were cuffed behind his back and he was offering no resistance. Any reasonable officer should have known that such conduct constituted the use of excessive force." *Drummond,* 343 F.3d at 1061. *Drummond* is well-settled law, and a reasonable officer should have known that such conduct was unlawful.

The police officers overreach in their comparison of this situation to that in *Gregory v. County of Maui,* 523 F.3d 1103 (9th Cir.2008), where we distinguished *Drummond* because Gregory was armed, had trespassed, and had assaulted someone earlier in the day. *Gregory,* 523 F.3d

at 1109. Significantly, unlike in *Drummond*, 343 F.3d at 1056–57, or here, the police officers in *Gregory* "ceased using force once Gregory was handcuffed," even though Gregory continued to resist throughout the encounter. 523 F.3d at 1109. *Gregory* was also decided only after this appeal was brought, so any rule it may have established cannot be said to be well-settled law that would have informed the officers' understanding of the reasonableness of their conduct.

■ The police officers also challenge the district court's consideration of much of Arce's evidence. Though the police officers raised some of these objections below, this challenge is not referenced in the opening brief and there is no mention on appeal until the officers' reply brief. These arguments are therefore waived. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.2003) ("[W]e 'review only issues which are argued specifically and distinctly in a party's opening brief.' ") (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994)). Though exceptions from this rule may be made if failure to consider these arguments would result in "manifest injustice," *Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir.2004), this exception is not a concern here; issues of material fact emerge from the evidence not challenged by the police officers, particularly from the conflicts among the various eyewitness testimonies.

**AFFIRMED.**